# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MORRIS J. WARREN,

        Plaintiff,

      v.

DISTRICT OF COLUMBIA *et al*,

        Defendants.

Civil Action No. 00-2351 (HHK)

## MEMORANDUM OPINION

Presently before the Court is the motion for summary judgment brought on behalf of the District of Columbia and Adrienne Poteat.[1]  Upon consideration of the parties' submissions and the entire record, the Court will grant the motion and dismiss the case.[2]

## I. BACKGROUND

The relevant complaint allegations are as follows.  On July 17, 2000, plaintiff sustained a hernia after being forced to carry 300 pounds of property from one cell block to another. Correctional officers acting under the direction of a "supervisor [who] said Poteat said drag his ass in the cell" then grabbed plaintiff's wrists and ankles and "dragged my back and buttock across the recreation upstairs floor until they got to cell three."  Amended Complaint at 5-6. Plaintiff was hollering and "screaming all the way to the cell from the grapefruit size knot poking out of my p[e]lvic area."  *Id.* at 6.  Plaintiff was left in his cell for five hours while he "yelled,

---

[1]    Claims against the federal defendants were dismissed by Order of October 18, 2002.

[2]    The Court expresses its appreciation to the Law Office of Olivia D. Cammack for its *pro bono* representation of plaintiff.

screamed for help and medical care and treatment." *Id*.  Two corrections officers failed to

respond even after a member of the prison medical staff informed them that plaintiff needed

emergency medical treatment.  *Id*.  Plaintiff received medical treatment at D.C. General Hospital

for a ruptured hernia only after having "crawled from the top [tier] on my hands and knees with

handcuffs on and leg irons [,] pass inmates and their visitor[s] in the down stairs recreation area,

out the front gate to the van." *Id*. at 7.  Upon his return from the hospital, plaintiff was placed in

administrative segregation where he "was never given a shower, no clean clothes, no property, no

medication for pain and [] was neglected by the correctional staff."  Amended Complaint at 9.

Plaintiff seeks $3 million in damages.

## II.  DISCUSSION

The Court should grant summary judgment in favor of a party if "the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "In determining a motion for

summary judgment, the court may assume that facts identified by the moving party in its

statement of material facts are admitted, unless such a fact is controverted in the statement of

genuine issues filed in opposition to the motion."  LCvR 7(h).  The Court must view the evidence

in favor of the nonmoving party and believe and give benefit of all reasonable inferences drawn

from the nonmoving party's evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

As a general rule, "[i]n deciding whether there is a genuine issue of fact before it, the court must

assume the truth of all statements proffered by the party opposing summary judgment." *Greene v.*

*Dalton*, 164 F.3d 671, 674 (D.C. Cir. 1999).  "If material facts are at issue, or, though

undisputed, are susceptible to divergent inferences, summary judgment is not available." *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994) (*citing Alveska Pipeline Serv. Co. v. United States Envtl. Protection Agency*, 856 F.2d 309, 314 (D.C. Cir. 1988)).  Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

Defendants assert that the federal claim, brought under 42 U.S.C. § 1983, is barred because plaintiff did not exhaust his administrative remedies before filing this action, as is required by the Prison Litigation Reform Act.  The Act states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  It "applies to all inmate suits about prison life. . . ." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002), without regard to the availability of an administrative remedy.  *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001).  A prisoner's failure to exhaust his administrative remedies requires dismissal of the case without prejudice to refiling after he has done so.  *Jackson v. District of Columbia*, 254 F.3d 262, 270-71 (D.C. Cir. 2001).

Defendants have provided the applicable administrative grievance procedures.  *See* Defendants' Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment at 4-5 (citing Exhibit 3 - Department Order 4030.1D (May 4, 1992)).  The procedures require a prisoner first to attempt to resolve the dispute or complaint informally.  If he is unsuccessful, he must file a formal grievance "pertain[ing] to one specific incident, charge, or complaint" within 15 days of the incident "by completing IGP Form 1."  Department Order at 4 ¶ F2.  The institution is required to provide a written response within 15 days from its receipt of

3

the grievance or the prisoner may proceed to the next step.  *Id*. at 5.  An inmate has five days

from his receipt of the institution's response to appeal to the associate director and five days from

his receipt of the associate director's decision to appeal to the director.  "The Director shall be

the final level of appeal for each inmate who files a grievance in the [Department of

Corrections]."  *Id*. at 6 ¶ G6.  Plaintiff asserts that he filed a timely grievance, but his evidence, a

receipt, is of dubious value insofar as it does not describe or in any way identify an incident.[3]  *See*

Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Exhibit 1.  Moreover,

defendants have proffered the Affidavit of William Meeks (Exhibit 4), who states that the

Department of Corrections has "no records of a grievance appeal" from plaintiff concerning the

alleged events.  Meeks Aff't. ¶ 8.  Plaintiff has not refuted this evidence and therefore has failed

to create a genuine issue of material fact on the exhaustion question.  *See* Defendants' Statement

of Material Facts Not in Dispute ¶¶ 12-15 (citing record).  Based on the unrefuted evidence

establishing that plaintiff did not exhaust his administrative remedies, the Court must dismiss the

federal claim.  *Jackson v. District of Columbia*, 254 F.3d at 270-71.

Plaintiff asserts that his "common law tort claims can proceed."  Memorandum of Points

and Authorities in Support of Plaintiff's Opposition to Defendants' Motion for Summary

Judgment at 3.  Those claims, however, are neither specifically pleaded in the amended

complaint nor identified in the opposition to the pending motion.  In light of the dismissal of the

federal claim, the Court declines to exercise supplemental jurisdiction over any local law claims.[4]

*See* 28 U.S.C. § 1367(c)(3).

---

[3]  The subject line of the receipt contains only the following: "Hardship, A Typical
Mistreatment by this Administrator."

[4]  Plaintiff's recourse for such claims lies, if at all, in the District of Columbia courts.

For the preceding reasons, defendants' motion for summary judgment is granted based on the failure to exhaust administrative remedies. A separate order dismissing the case in its entirety accompanies this Memorandum Opinion.

_____s/s_____
Henry H. Kennedy, Jr.
United States District Judge

Dated: October 24, 2005